reach beyond one jurisdictional question—the bare power to issue the warrant. No other error could be raised by it. See *In re Lybarger, ante,* p. 131 (25 Pac. Rep. 1075), decided at this session. It has been the policy of other states to grant appeals in such proceedings. See *Wright v. Brown,* 67 N. Y. 1; *Morris v. Talcott,* 96 N. Y. 100. Also, see *Spitley v. Frost,* 15 Fed. Rep. 299. The motion to dismiss the appeal should have been denied, and the defendant discharged.

---

[No. 120.   Decided February 24, 1891.]
### HENRY H. CLINE V. TACOMA STOVE CO.

*Appeal from Superior Court, Pierce County.*

*John C. Stallcup,* and *Joseph Sessions,* for appellant.

*Marshall K. Snell,* for appellees.

ANDERS, C. J.—This case presents for our consideration the identical questions which were involved in that of *Cline v. Harmon, ante,* p. 155 (just decided by this court), and for the reasons given in the opinion filed in that case, the appeal must be dismissed at the cost of appellant.

HOYT, DUNBAR, and STILES. JJ., concur.

SCOTT, J., dissents.